UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TSFR BURGER, LLC,

        Plaintiff,

v.

        Case No. 19-12060
        District Judge Victoria A. Roberts
        Magistrate Judge Anthony P. Patti

STARBOARD GROUP OF GREAT
LAKE, LLC; and AMD ENTERPRISES, LLC,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [ECF No. 33]

### I.    INTRODUCTION/BACKGROUND

On February 6, 2019, TSFR Burger, LLC ("TSFR") and Starboard Group of Great Lakes, LLC ("Starboard") entered into an Asset Purchase Agreement ("APA"). Under the APA, TSFR agreed to purchase fifty-six (56) Wendy's restaurant franchises from Starboard. [Doc # 1-2; Pg ID 16].

Before the sale closed on May 20, 2019, the parties agreed to five amendments to the APA. The Fourth and Fifth Amendments are of particular relevance to this dispute. Under the Fourth Amendment, Starboard agreed to make certain repairs prior to closing or – if not completed by closing – to

1

reimburse TSFR for any costs incurred by it to complete the repairs. Twenty-two (22) of the 56 restaurants had Brinks' safes where Starboard would make daily deposits of its revenues. Under the Fifth Amendment, the parties agreed that the deposits were to be credited to TSFR's accounts, rather than Starboard's.

On July 12, 2019, TSFR filed suit against Starboard for conversion, breach of contract, and fraud in the inducement. Starboard moved to dismiss. The Court: (1) granted Starboard's Motion to Dismiss TSFR's statutory/common law conversion and fraud in the inducement claims; and (2) denied Starboard's Motion to Dismiss the breach of contract claim.

TSFR then filed an Amended Complaint against Starboard alleging claims for: (1) Breach of Contract (Count I) and (2) Declaratory Judgment (Count II). In response, Starboard filed a second Motion to Dismiss which this Court denied.

Starboard now moves for judgment on the pleadings, pursuant to FRCP Rule 12(c), as to those portions of (Count II) of the Amended Complaint where TSFR seeks declaratory relief. Starboard seeks an Order which dismisses TSFR's claims requesting declaratory judgments to: (1) bar Starboard from objecting to TSFR's requests for disbursal of escrow funds; and (2) require Starboard to replenish the depleted escrow funds.

Additionally, Starboard requests that the Court: (3) declare that the terms of the APA bar any breach of contract claims asserted by TSFR beyond those already alleged in its amended complaint; and (4) direct the parties' escrow agent to disburse to Starboard the sum of $202,206.59, the difference between the escrow funds originally deposited and the total amount of claims asserted by TSFR. [ECF No. 33, Pg. 6].

The Court **DENIES** Starboard's Motion for Partial Judgment on the Pleadings.

## II. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12. For purposes of a 12(c) motion, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-582 (6th Cir. 2007) (citing *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973). A motion for judgment on the pleadings is granted "when no material issue of fact exists and the party making the

motion is entitled to judgment as a matter of law." *Id.* (citing *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

Federal Rule of Civil Procedure 12(c) also states,

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 502 (6th Cir. 2006)

### III.   ANALYSIS

TSFR presents matters outside of the pleadings. As a result, Rule 12(c) authorizes the Court to treat this motion as one for summary judgment. "[T]he mere presentation of evidence outside of the pleadings, absent the district court's rejection of such evidence, is sufficient to trigger the conversion of a Rule 12(c) motion to a motion for summary judgment." *Max Arnold & Sons, LLC* 452 F.3d 494 at 503 (citing *Moody v. United States*, 774 F.2d 150, 155 n. 5 (6th Cir.1985). Once a 12(c) motion is converted to a Rule 56 motion, "all parties shall be given reasonable opportunity to

4

present all material made pertinent to such a motion by Rule 56." *Id.* The Court is not prepared to deny either party the opportunity to present all relevant evidence made pertinent by Rule 56.

## IV. CONCLUSION

The Court **DENIES** Starboard's Motion for Partial Judgment on the Pleadings. The Court orders the parties to resume settlement discussions through facilitation. Facilitation must be completed by January 8, 2021. If they fail to settle, the Court will hold a status conference by telephone on January 14, 2021 at 4:00pm to discuss the filing of dispositive motions. In light of this determination, the Court cancels the telephone status conference set for December 1, 2020.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: November 30, 2020